UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------x
UNITED STATES OF AMERICA,

   -against-                    **MEMORANDUM AND ORDER**
                                        15-CR-378 (FB)

KADEEM BACOTE,

                Defendant.
---------------------------------------------------x

*Appearances:*
| | |
|---|---|
| *For the United States:* | *For the Defendant:* |
| ROBERT L. CAPERS | MIA EISNER-GRYNBERG |
| United States Attorney | Federal Defenders of New York, Inc. |
| Eastern District of New York | One Pierrepont Plaza, 16th Floor |
| 271 Cadman Plaza East | Brooklyn, New York 11201 |
| Brooklyn, New York 11201 | |

By:   ARTIE MCCONNELL
        Assistant United States Attorney

**BLOCK, Senior District Judge:**

Kadeem Bacote is charged with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Jury selection is scheduled for March 21, 2016, and the trial will begin the next day. The government and defense have each made motions in limine. The following constitutes the Court's rulings.

1. The government seeks to admit evidence that Bacote was a member of the Bloods gang, as established by certain statements Bacote made to police officers, and that he was shot in the abdomen two weeks prior to his arrest for the instant offense.

Although there is a risk of prejudice, this evidence is sufficiently probative towards demonstrating Bacote's possible motive for allegedly carrying a firearm on the date in question and is accordingly admissible for this purpose. FRE 403; *see also United States v. Montgomery*, 390 F.3d 1013, 1018 (7th Cir. 2004) (in a § 922(g)(1) case, holding evidence of gang involvement had sufficient probative value towards establishing why the defendant might have carried a weapon that outweighed prejudicial impact); *United States v. Pierce*, 785 F.3d 832, 841 (2d. Cir. 2015) (evidence of gang affiliation was admissible to establish motive for violence against a rival gang); 2 WEINSTEIN'S FEDERAL EVIDENCE § 403.04 ("Admission of gang evidence also is proper to help establish motive, including in gun possession cases."). The Court will instruct the jury as to the limited and proper use of this evidence similar to the district court's instruction in *Montgomery*: "You heard testimony of gang membership of the defendant. This is admitted only as it relates to any purpose or motive for possessing the pistol, and, of course, it is up to you to determine whether he did possess the pistol. This evidence cannot be considered by you for any other purpose." *Montgomery*, 390 F.3d at 1019.

2. The government seeks to preclude the admission of evidence that the seized firearm was inoperable. Whether the firearm was operable is not an element of a § 922(g)(1) offense, *United States v. Rivera*, 415 F.3d 284, 286 (2d Cir. 2005), and the

Court agrees that it is irrelevant for that purpose. Bacote argues that he should be able to use evidence of the gun's inoperability to rebut the government's evidence of his possible motive for carrying a firearm. But the firearm's inoperability was caused by a defect in the main spring, which was not readily apparent to the recovering officers, and was not likely apparent to whomever actually possessed the gun because it was fully loaded when seized. The substantial risk of undue prejudice to the government is outweighed by this evidence's probative value, and it is inadmissible.

3. The government seeks to admit a statement from a confidential informant ("CI") relating to Bacote and a group of individuals as they walked towards 388 Clifton Place. The statement at issue is the CI's description of Bacote as a "tall, shirtless, African-American male with a firearm secreted inside of a plastic 'Cookies' shopping bag." ECF 23, at 2. The government asserts this statement should be admitted for its truth, and in the alternative, to provide a narrative of events and explain the actions taken by police.

The CI will not be called to testify at trial; therefore, to the extent the statement would be used for its truth, it is hearsay. However, the government argues that it falls under the present-sense impression exception to hearsay because it was made while the CI perceived the defendant. FRE 803(1). To that end, the Government cites *United States v. Woods*, 301 F.3d 556 (7th Cir. 2002), for the proposition that a "confidential

3

informant's recorded narrative regarding 'simple descriptions of events as they occurred' me[e]ts the requirements for present sense impressions." ECF 23, at 6. But the *Woods* court explained that whether a statement satisfies Rule 803 depends on whether the statement "was made without 'calculated narration,'" because "the exception is based on the theory that it is less likely for a declarant to 'deliberate or conscious[ly] misrepresent' the event if there is 'substantial contemporaneity' between the statement and the event." *Woods*, 301 F.3d at 562. The *Woods* court went on to distinguish between statements the CI provided as "simple descriptions of events as they occurred, which meet the requirements of the rule," and "narrative statements [that were] clearly addressed to the FBI agents listening in via the microphone." *Id.* Because the latter statements "were made for the benefit of the agents—*i.e.*, were calculated and provided for a reason—[they were] not admissible under the present sense impression exception." *Id.*; *see also See* 5 WEINSTEIN'S FEDERAL EVIDENCE § 803.03 ("Statements of perception substantially contemporaneous with an event are assumed to be highly trustworthy for the following reasons: . . . There is little or no time for calculated misstatement.").

Here, the CI's statement describing Bacote was similarly made for the benefit of the police officers. Like the CI in *Woods*, the statement was "calculated and provided

4

for a reason." *Woods*, 301 F.3d at 562.[1] Additionally, there is no indication, from the statement itself or other evidence, that the CI ever saw the firearm in the bag Bacote was carrying. *See Brown v. Keane*, 355 F.3d 82, 90 (2d Cir. 2004) (anonymous 911 call, reporting that two light-skinned black men matching defendant's description were shooting guns, was not admissible as present-sense impression, because prosecution failed to show that caller observed shooting). Accordingly, the statement does not bear the indicia of reliability that are normally associated with statements made as a present-sense impression. The statement is inadmissible for its truth.

Because there is no legal basis to admit the statement for its truth, its possible probative value is limited to providing a narrative of the events of Bacote's arrest and to explain the actions taken by the police. But the potential for unfair prejudice to Bacote cannot be overstated, as it answers directly the one issue the jury will have before it at trial. Accordingly, the Court exercises its discretion under Rule 403 to preclude the substance of the CI's tip. The government may still elicit testimony from police officers that they received a tip from a CI without providing specifics on the tip's substance. This should allow the jury to sufficiently understand the narrative of events and police actions.

---

[1] A possible motive for the CI to provide a calculated statement was made apparent at oral argument when counsel represented to the Court that the CI was paid $500 for the tip and may have been paid previously for other tips.

4. Bacote seeks to compel the government to disclose records relating to the CI. However, because the substance of the CI's statement will not be admitted, these records will not be probative of any issue at trial. The motion is denied.

5. Bacote seeks to compel the government to produce the clothing he was wearing that police officers will purportedly testify identified him as a gang member. This clothing is currently in the custody of the New York Police Department. To the extent the government intends to elicit testimony related to Bacote's "gang" clothing, it should produce the clothing to Bacote for his use on cross examination.

6. Outstanding motions in limine will be decided in due course.

**SO ORDERED.**

/S/ Frederic Block
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
March 18, 2016